IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| SAMER ANTONIO PUENTES CERA, : | |
| : | |
| *Petitioner,* : | |
| v.  : | 2:25-cv-7406 |
| : | |
| PAMELA BONDI, *et al*, : | |
| : | |
| *Respondents.* : | |

### ORDER

AND NOW, this 16th day of January 2026, upon consideration of Petitioner's Petition for a Writ of Habeas Corpus (Dkt. 1), Motion for a Temporary Restraining Order (Dkt. 2), Motion for Order to Show Cause (Dkt. 3) and the Government's Response thereto (Dkt. 7), and the Government's representation that this matter should be resolved expeditiously, without a hearing on the briefs (Dkt. 7 at 5, n. 5[1]) it is hereby ORDERED that the Petition and Motions are GRANTED as follows:

1. The Government shall RELEASE Puentes Cera from custody immediately and certify compliance with this Court's Order by way of docket entry, no later than Tuesday, January 20, 2026;

---

[1] The Government's brief provides briefing on the issue of preliminary injunctive relief "[i]n the event Petitioner later brings a motion" for it. Dkt. 5 at 5. Similarly, in a footnote, the Government says that the matter can be decided on the briefs "even if Petitioner later seeks a temporary restraining order[.]" But in this case, the Petitioner has *already* made such a motion. *See generally* Dkt. 2. This Court understands quite well the volume of cases of this variety which the United States Attorney's Office is handling. But that volume does not excuse that fact that on multiple occasions the Government's briefing on these issues has contained errors of fact. The volume of cases is the direct result of the Executive Branch continuing to detain individuals in a way that it acknowledges has been rejected hundreds of times by courts across the nation. Every time the Executive Branch chooses to do so, it invites another habeas petition and corresponding motions. Regardless of the volume of cases which result from the Executive Branch's policy directives, as required by Rule 11, this Court expects that the attorneys who sign their names on briefing before this Court are verifying that it accurately apprises the Court of relevant factual matters and only takes positions of law which they sincerely believe are non-frivolous.

2. Upon release, the Government shall return all of Petitioner's personal belongings, including identification documents;

3. The Government is permanently enjoined from re-detaining Puentes Cera under 8 U.S.C. § 1225(b)(2);

4. Following his release from custody the Government is temporarily enjoined from re-detaining Puentes Cera for 7 days under 8 U.S.C. § 1226(a);

5. If the Government chooses to re-detain Puentes Cera under 8 U.S.C. § 1226(a) after the above mentioned 7-day period, it must provide him with a timely bond hearing so that an appropriate tribunal may assess whether he poses a danger to the community or a flight risk; and

6. In the event of such bond hearing, the Government SHALL NOT remove, transfer, or other wise facilitate the removal of Puentes Cera from the Commonwealth of Pennsylvania.  If, after a bond hearing, it is determined that Puentes Cera is a danger to the community or a flight risk and that continued detention is proper, the Government may request permission of the Court to move Puentes Cera if unforeseen or emergency circumstances so require.  Any such request must include an explanation for the request as well as the proposed destination.[2]

---

[2]  For the reasons articulated in *Rios Porras v. O'Neill*, No. CV 25-6801, 2025 WL 3708900 (E.D. Pa. Dec. 22, 2025) (Beetlestone, C.J.), *Ndiaye v. Jamison*, No. CV 25-6007, 2025 WL 3229307 (E.D. Pa. Nov. 19, 2025) (Sánchez, J.), and *Kashranov v. Jamison*, No. 2:25-CV-05555-JDW, 2025 WL 3188399 (E.D. Pa. Nov. 14, 2025) (Wolson, J.), this Court believes immediate release is necessary to ensure the appropriate habeas remedy in this matter.  This Court believes a bond hearing would be insufficient

Petitioner may move to reopen this matter for any violations of this Order.

BY THE COURT:

_____
GAIL WEILHEIMER        J.

---

to afford Petitioner the proper habeas relief as the Government, having waived oral argument, has presented no rationale for denial of bond in this matter. *Ndiaye*, 2025 WL 3229307, *8 n.5 (E.D. Pa. Nov. 19, 2025) (Sánchez, J.).